On Application eor Rehearing.
DeBlanc, J.
We do certainly not underrate the importance of this cause ; but we do not enact, we construe the laws enacted by others. To the Legislature alone, and not to courts, must the inhabitants of the State apply to obtain redress against laws which — though constitutional — affect their interests. ,
We have demonstrated — and it was not a difficult task — that the statute of 1878 and the city ordinance passed under its authority, do not — as charged — violate any constitutional provision, and if they are as unjust as represented, those who are made to suffer by their execution, should apply — for their repeal — to the Legislature or the Council. They are too plain to justify the hope of any successful resistance to their enforcement.
That our jurisdiction does extend to this cause, we neither do nor can entertain any doubt. The assailed ordinance imposes a line and a penalty, the legality and constitutionality of which are contested by defendant, and the Constitution provides “that the jurisdiction of this court shall extend to all cases in which the constitutionality or legality of any fine or penalty imposed by a municipal corporation, shall be in contestation.” C. art. 74.
The rehearing is refused.